QUESTIONS: 1. Does the violation of s. 316.028(1), F.S., constitute grounds for arrest under s. 322.261(1)(a), F.S., and is there sufficient cause for administering the test under the implied consent law? 2. Does a law enforcement officer have to administer a prearrest breath test if there is probable cause for arrest under s. 316.028(1), F.S., but prior to the arrest a person demands a prearrest breath test, or may he just arrest and administer the test under s. 322.261(1)(a), F.S.? 3. May the test be given at the police station if a person demands a prearrest breath test under s. 322.261(1)(b), F.S.?
SUMMARY: Police officers who have probable cause to arrest an individual are not required to give a prearrest breath test prior to making an arrest. The prearrest test is to be used when the officer does not have probable cause but does have a reasonable belief that the individual is driving under the influence of alcoholic beverages. The provision for the administration of a breath test, after a person has been arrested, is found in s. 2, Ch. 74-384, Laws of Florida: 322.261 Suspension of license; chemical test for intoxication. — (1)(a) Any person who shall accept the privilege extended by the laws of this state of operating a motor vehicle within this state shall by so operating such vehicle be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood if he is lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of alcoholic beverages. The test shall be incidental to a lawful arrest and administered at the request of a peace officer having reasonable cause to believe such person was driving a motor vehicle within this state while under the influence of alcoholic beverages. Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of three months. The provision for a prearrest breath test is found in s. 2, Ch. 74-384, Laws of Florida: 322.261 Suspension of license; chemical test for intoxication. — (1)(b)1. Notwithstanding the provisions of s. 322.261, a law enforcement officer, who has reason to believe that a person's ability to operate a motor vehicle during the period of such impairment, may, with the person's consent, give, or the person may demand, a prearrest breath test for the purpose of determining if said person is in violation of s. 316.028(1), but the taking of such prearrest breath test shall not be admissible into evidence in any civil or criminal proceeding. An analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed according to methods approved by the division of health of the department of health and rehabilitative services. For this purpose, the division of health is authorized to approve satisfactory techniques or methods. It is my opinion that the passage of s. 322.261(1)(b), F.S., authorizing a prearrest breath test in certain situations does not affect the breath test authorized by s. 322.261(1)(a) once a person is arrested. I feel that s. 322.261(1)(b) provides law enforcement personnel with an additional tool to fill the void where the officer has more than mere suspicion, i.e., "a reasonable belief" that a person is driving while under the influence, yet does not have probable cause to arrest the person and require him to take the test authorized by s. 322.261(1)(a). The term "reasonable belief" in this section and the term "reasonable indication to stop and frisk" in s. 901.151, F.S., have the same meaning, and I would define reasonable belief as the United States Supreme Court defined reasonable indication to stop and frisk in Adams v. Williams, 407 U.S. 143, and Terry v. Ohio,392 U.S. 1, and would particularly note the court's instructions in Terry v. Ohio, supra, at p. 909: And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch", but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Cf. Brinegar v. United States, supra. The officer then, based upon his reasonable belief, notwithstanding the fact that he does not have probable cause to arrest this person, may stop the individual and, as part of the investigative process, request the person to take a prearrest breath test. I would note that this test may not be given without the consent of the person under investigation and is not admissible into evidence in any court. The answer to your first and second questions is that, when a police officer has reasonable cause to arrest a person for any offense committed while the person was driving a motor vehicle under the influence of alcoholic beverages, the officer, having lawfully arrested said person, may then request that person to take the breath test authorized by s. 322.261(1)(a), F.S. The result of this test is admissible into evidence if the person consents to take it, or if he refuses his license may be revoked. The officer who has the person under arrest would by definition be unable to give a prearrest breath test on demand by the person. The answer to your third question is that when an officer does not have probable cause to arrest an individual but does have a reasonable belief that the person was driving a vehicle while under the influence of alcoholic beverages and the person takes the prearrest breath test authorized by s. 322.261(1)(b), F.S., either because the officer requested him to take it or because the person demanded that he be given this test, and the test result indicates the person was driving a motor vehicle while under the influence of alcoholic beverages to the extent that his normal faculties are impaired or the result indicates the person has an unlawful blood alcohol level, the officer, who at the beginning of his investigation had only a reasonable belief that the person was driving under the influence, now has probable cause to arrest this person for driving while under the influence and may administer the test authorized by s. 322.261(1)(a), said test being admissible into evidence. The prearrest test may be given at the scene if the officer has the necessary equipment or, since the person has either demanded or consented to take the prearrest test, he may be transported to the facility where the equipment is located